UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BERNARD S. LEHMAN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 05-1479 |
| | ) | Judge Nora Barry Fischer |
| V. | ) | |
| | ) | |
| UNITED STATES STEEL CORP., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Plaintiff Bernard Lehman ("Plaintiff") filed this civil action against Defendant United States Steel Corp. ("Defendant"), alleging violations of the Americans with Disabilities Act, Title I, 42 U.S.C. §§ 12112, *et seq.* ("ADA") and the Pennsylvania Human Relations Act, 43 P.S. §§ 951, *et seq.* ("PHRA"). Presently before the Court is Defendant's Motion for Summary Judgment on Plaintiff's claims. (Doc. No. 23-1).

I.      **FACTUAL BACKGROUND**

In August of 2002, Plaintiff was hired by Defendant to perform mechanical maintenance work at the Irvin Works facility in Dravosburg, Pennsylvania. Document No. 25 at ¶ 9. In early 2004, Plaintiff moved to the position of rail tractor driver. *Id.* at ¶ 23. When not driving the tractor, Plaintiff performed maintenance tasks. *Id.* at ¶ 27. After he began driving the tractor, Plaintiff learned that he had arthritis. *Id.* at ¶ 29. In September or October of 2004, Plaintiff's condition worsened and he received treatment from several chiropractors. *Id.* at ¶¶ 30-32. After such treatment, Plaintiff and one of the chiropractors determined that the aggravation of Plaintiff's condition was caused by the constant "jarring" of the tractor that Plaintiff operated. *Id.* at ¶ 33. On November 21,

2004, Plaintiff provided his supervisor, Fred Lindauer ("Lindauer"), with a doctor's note recommending that Plaintiff be excused from working with "any heavy equipment which causes micro-trauma to the neck [and] back due to an existing spinal condition - indefinitely." *Id.* at ¶ 46-47. Lindauer arranged for Plaintiff to be examined by Dr. Danek, a physician hired by Defendant, to determine Plaintiff's ability to perform his job. *Id.* at ¶ 47. Plaintiff met with Dr. Danek on November 22, 2004. *Id.* at ¶ 48. Dr. Danek reported that Plaintiff had a history of skull fracture and deafness in one ear, which Plaintiff sustained while in the military, and a surgically repaired fracture from a non-work related fall in 2003. *Id.* at ¶ 49. Dr. Danek also reported that Plaintiff had mild to moderate degenerative disc disease. Document 31-2 at ¶ 49. Plaintiff reported to Dr. Danek that Plaintiff's chiropractor had told him that he had degenerative joint disease of the neck. Document 25 at ¶ 50. Dr. Danek also noted that Plaintiff stated that he felt fine since undergoing chiropractic care. *Id.* Plaintiff contends that this statement may have been made in reference to a particular day, and may not be indicative of his overall condition. Document 31-2 at ¶ 50. Dr. Danek issued a Physical Examination Report indicating that Plaintiff could return to work, but was restricted from performing tractor work and that Plaintiff should visit a specialist regarding his condition. Document 25 at ¶ 53. The parties dispute whether Plaintiff's alleged disability prevented him from doing his job. *Compare* Document 25 at ¶ 55 *with* Document 31-2 at ¶ 55. As the result of Dr. Danek's recommendation, Department Manager Dennis Shannon ("Shannon") removed Plaintiff from the schedule until he could drive the tractor again. Document 25 at ¶ 56. Between the time of Dr. Danek's recommendation and the time he was removed from the schedule, Plaintiff continued to drive the tractor. *Id.* at ¶¶ 59-60.

The Plaintiff remained out of work through the month of January 2005, during which time he

performed a series of home maintenance tasks. *Id.* at 61-64.  On January 21, 2005, the Plaintiff filed

a grievance with his union in order to return to work.  *Id.* at ¶ 86.  On January 31, 2005, Plaintiff

returned to work as an Assistant Annealer, a position not restricted by his arthritis.  *Id.* at ¶96.

However, the Plaintiff has brought this lawsuit under the ADA and PHRA in response to the alleged

discrimination which caused Plaintiff's unemployment from the period of late November of 2004

through late January of 2005.  Plaintiff alleges that he is "disabled" pursuant to the ADA and that

Defendant failed to participate in the "interactive process" of accommodating Plaintiff upon learning

of his alleged "disability."  Plaintiff voluntarily withdrew all other theories of recovery alleged in the

complaint.  Docket No. 31-3 at p. 3.

## II.     STANDARD OF REVIEW

Summary judgment may only be granted "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter

of law."  Fed. R. Civ. P. 56(c).  Pursuant to Rule 56, the Court must enter summary judgment against

the party who fails to make a showing sufficient to establish the existence of an element essential to

that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 322 (1986).

In evaluating the evidence, the court must interpret facts in the light most favorable to the non-

moving party, and draw all reasonable inferences in his favor.  *Watson v. Abington Twp.*, 478 F.3d

144, 147 (3d Cir. 2007).  Initially, the burden is on the moving party to demonstrate that the evidence

in the record creates no genuine issue of material fact.  *Conoshenti v. Public Serv. Elec. & Gas Co.*,

364 F.3d 135, 140 (3d Cir. 2004).  The dispute is genuine if the evidence is such that a reasonable jury

3

could return a verdict for the non-moving party.  *McGreevy v. Stroup*, 413 F.3d 359, 363 (3d Cir.

2005).  While the non-moving party will bear the burden of proof at trial, the party moving for

summary judgment may meet its burden by showing that the admissible evidence in the record would

be insufficient to carry the nonmovant's burden of proof at trial.  *Celotex*, 477 U.S. at 322.  Once the

moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond its

pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers

to interrogatories showing that there is

a genuine issue for trial. *Id.* at 324.  The nonmoving party "cannot simply reassert factually

unsupported allegations contained in its pleadings." *Williams v. Borough of West Chester*, 891 F.2d

458, 460 (3d Cir. 1989).

Upon reviewing Defendant's Motion for Summary Judgment and brief in support thereof

(Doc. Nos. 23, 24), Plaintiff's brief in opposition (Doc. No. 31-3), and Defendant's Reply (Doc. No.

35), it is clear that a genuine issue of material fact remains in dispute and summary judgment is

inappropriate at this time.  Accordingly, as set forth below, Defendant's Motion for Summary

Judgment is DENIED.

## III.   ANALYSIS

Defendant argues that summary judgment is appropriate in this case because 1) Plaintiff

cannot show that he is "disabled" pursuant to the ADA and PHRA; and 2) Plaintiff cannot show that

Defendant failed to accommodate Plaintiff's request for reassignment.[1]

---

[1]The United States Court of Appeals for the Third Circuit has held that claims under the PHRA are to be analyzed utilizing the same standards that apply to ADA claims.  *See Kelly v. Drexel Univ.*, 94 F.3d 102, 105 (3d Cir. 1996).  Therefore, the Court will analyze Plaintiff's claims under the substantive standards of the ADA, but the Court's findings shall apply equally to Plaintiff's PHRA claim.

4

A.  **Analysis of Disability Discrimination Claims.**

Under the ADA, an employer cannot discriminate "against a qualified individual with a disability because of the disability of such individual with regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).  Discrimination comes in two forms: (1) subjecting the employee to an adverse employment action motivated by prejudice or fear; or (2) failing to provide a reasonable accommodation for a disability. *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 306 (3d Cir. 1999).

In order to establish a *prima facie* case of discrimination under the ADA, Plaintiff must establish that (1) he is a disabled person within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of the job; and (3) he has suffered an adverse employment decision as a result of discrimination.  *Gaul v. Lucent Technologies, Inc.*, 134 F.3d 576, 580 (3d Cir. 1998). In this case, Defendant argues that Plaintiff cannot establish a *prima facie* case because he has not demonstrated that he is a "qualified individual with a disability" under the ADA, nor has he demonstrated that Defendant failed to accommodate his alleged disability.

The ADA defines disability as "a physical or mental impairment that substantially limits one or more of the major life activities of such individual."  42 U.S.C. 12102(2)(a).  The Supreme Court has noted that the terms substantially and major, as used in the ADA provision defining disability "need to be interpreted strictly to create a demanding standard for qualifying as disabled." *Toyota Motor Mfg., Kentucky, Inc. v. Williams*, 534 U.S. 184, 197 (2002).  Similarly, the Third Circuit Court of Appeals has held that: "[t]he purpose of the ADA would be undermined if protection could be claimed by those whose relative severity of impairment was widely shared." *Taylor v. Pathmark*

5

*Stores, Inc.*, 177 F.3d 180, 185-86 (3d Cir. 1999).

The phrase "substantially limits" means "'unable to perform a major life activity that the average person in the general population can perform' or 'significantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity.'" *Mondzelewski v. Pathmark Stores*, 162 F.3d 778, 782-83 (3d Cir. 1998) (citations omitted). In assessing whether a major life activity is substantially limited, a court should consider the following factors: "(I) the nature and severity of the impairment; (ii) the duration or expected duration of the impairment; and (iii) the permanent or long term impact, or the expected permanent or long term impact of [the impairment] or resulting from the impairment." *Id.* at 783. Major life activities include "'caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning'" sitting, standing, reaching and working, although this list is not exhaustive. *Id.* at 783 n.2 *citing* 29 C.F.R. § 1630.2(I).

With regard to the major life activity of working, a court must look to whether an individual is "significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities." 29 C.F.R. Pt. 1630, App. § 1630.2(j)(3)(I). As this regulation suggests, a court must consider the individual's training, skills, and abilities to evaluate "whether the particular impairment constitutes for the particular person a significant barrier to employment." *Mondzelewski*, 162 F.3d at 784; *see also* 29 C.F.R. Pt. 1630, App. § 1630.2(j) (determination of whether individual is limited in working must be conducted on case-by-case basis). Because a "'person's expertise, background, and job expectations are relevant factors in defining the class of jobs used to determine whether an individual

6

is disabled. . . the court must consider the effect of the impairment on the employment prospects of that individual with all of his or her relevant personal characteristics. . . Thus, a substantially limiting impairment for one individual may not be substantially limiting for another individual with different characteristics.'" *Mondzelewski*, 162 F.3d at 784 (citations omitted).

**B.      Issues of Fact Exist Regarding Whether Plaintiff is Disabled Under the ADA.**

It appears from the record that Plaintiff had some condition which caused him pain while performing his job as a tractor driver as well as while performing some daily activities outside of work.[2]  However, a mere diagnosis of a physical impairment does not render one disabled under the ADA.  *Toyota Motor Mfg., Kentucky, Inc.*, 534 U.S. at 195.  Instead, Plaintiff must establish that his condition substantially limits his ability to engage in one or more major activities.  *Taylor*, 184 F.3d at 305.  Defendant argues that Plaintiff's evidence is insufficient to support a determination that he is substantially limited in a major life activity, and therefore, Plaintiff cannot show that he is a disabled pursuant to the ADA.  Accordingly, the dispute in this case is not over whether Plaintiff has a condition, but whether that condition is severe enough to qualify as a disability pursuant to the ADA.

Whether a person's impairment rises to the level of a disability pursuant to the ADA requires

---

[2]Precisely where the boundaries of Plaintiff's condition lie is not clear from the record. Indeed, it appears that there is little rhyme or reason as to the activities in which Plaintiff is limited compared to those in which he is not.  Plaintiff admits that he was able to remodel his kitchen during the time while he was not working (including tearing down plaster and wood lathe, installing insulation, putting up drywall, installing cabinets, installing flooring, putting in a drop ceiling and installing lighting),  Documents 25 and 31-2 at ¶ 61, but that, in addition to driving the tractor at work, he had difficulty reaching overhead (sometimes although not always), changing the oil in his car, cutting limbs from trees and engaging in sexual relations with his wife in positions requiring that he support his weight with his arms.  *Id*. at ¶¶ 62-66.

an "individualized inquiry" and therefore, is inherently fact specific. *Sutton v United Air Lines, Inc.*, 527 U.S. 471, 483 (1999). Indeed, such inquiry requires the trier of fact to look at the nature and severity of the impairment, the duration of the impairment and the permanent or long term impact resulting from the impairment. *Mondzelewski*, 162 F.3d at 783. In the present case, Defendant argues that Plaintiff has failed to meet his evidentiary burden in part because his condition is not well documented in medical records. Indeed, Plaintiff relies primarily on his own testimony regarding a wide range of activities in which Plaintiff is purportedly limited, including driving the tractor for work and performing certain manual tasks. That Plaintiff lacks substantial medical records regarding his injuries to support his claims, however, does not guarantee summary judgment on Defendant's behalf. *Marinelli v. City of Erie*, 216 F.3d 354, 360-61 (3d Cir. 2000) (lack of medical testimony evidence is but one factor in determining whether a plaintiff is disabled).

Defendant also argues that, in light of the remodeling performed by Plaintiff while he was not working, and the activities that Plaintiff *is* able to perform, a reasonable jury[3] could not find that Plaintiff was disabled. What Plaintiff is capable of doing, however, is not relevant to the inquiry here. Simply because a Plaintiff can complete some tasks does not mean that he is not disabled pursuant to the ADA. Indeed, even though Plaintiff is clearly not completely disabled as to all facets of his life, the Court must conduct the inquiry outlined above to determine whether Plaintiff is substantially limited in one or more major life activities.

In the present case, drawing all inferences in favor of the non-moving party, as this Court must

---

[3]Defendant speculates as to the outcome of a jury verdict in this case, effectively conceding that the issue at hand is a question for the jury, not for the Court to decide on summary judgment.

do when ruling on a motion for summary judgment, Plaintiff's testimony could be interpreted by a jury to support Plaintiff's claim that his impairment substantially limits a major life activity, i.e., his work.  Thus, this Court finds that a genuine issue of material fact exists regarding whether Plaintiff's condition substantially limits a major life activity.  Accordingly, Defendant's motion is DENIED.

C.      **An Issue of Material Fact Exists as to Whether Defendant Failed to Accommodate Plaintiff's Request for Reassignment.**

Defendant also argues that summary judgment is appropriate in this case because Plaintiff cannot show that Defendant failed to accommodate his request for reassignment.  Defendant argues that even if Plaintiff's alleged impairment constitutes a disability pursuant to the ADA, Defendant made proper, timely accommodation and therefore, Plaintiff's claim fails as a matter of law.

In order to prove that Defendant failed to participate in the "interactive process" to accommodate the employee, Plaintiff must show that 1) Defendant knew of the Plaintiff's disability; 2) Plaintiff requested accommodations; 3) Defendant did not make a good faith effort to make such accommodations; and 4) Defendant could have been accommodated but for a lack of good faith. *Mengine v. Runyon*, 114 F.3d 415, 420 (3d Cir. 1997).  Defendant argues that it is entitled to summary judgment because Plaintiff cannot show that Defendant failed to make a good faith effort to provide the Plaintiff with accommodations.

The Court finds that a reasonable jury could conclude that Plaintiff requested accommodations and that Defendant failed to make a good faith effort to help Plaintiff find accommodations.  While Plaintiff was eventually permitted to return to work in a position that did not aggravate his condition, it is unclear from the record whether Defendant could have accommodated Plaintiff when he first reported his need for an accommodation in November of 2004.  For example, Defendant falls short

of stating that Defendant did not have any positions available which would accommodate Plaintiff's needs and which would be suitable given his expertise.  Nor is it clear from the record that Defendant's delay in accommodating Plaintiff was the result of bad faith, rather than some other factor.  Accordingly, Defendant's motion on this ground is likewise DENIED.

**IV.    CONCLUSION**

In light of the above analysis, Defendant's Motion for Summary Judgment is DENIED.  An appropriate order will follow.


Dated:  September 17, 2007.

BY THE COURT:

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf: Counsel of Record